UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, | : : : |
| Plaintiff, | : : |
| v. | :   No. 2:16-cv-04027 : |
| JOHNNY YOUNG, | : : |
| Debtor-in-Possession. | : |

# **O P I N I O N**

### **Affirming Final Order of the Bankruptcy Court of July 6, 2016**

**Joseph F. Leeson, Jr.**                                                                                                                **March 27, 2017**
**United States District Judge**

      Johnny Young appeals from the bankruptcy court's dismissal of his chapter 13 bankruptcy petition on July 6, 2016. Because the bankruptcy court did not abuse its discretion in dismissing Young's petition for failure to obtain credit counseling prior to filing his petition, the Court affirms the bankruptcy court's order.

**I.**       **Background**

      On June 14, 2016, Johnny Young filed a petition for Chapter 13 bankruptcy. *See* Petition, *In re Johnny Young*, No. 16-14264 (E.D. Bank. Pa. June 14, 2016), ECF No. 1. Young filed his petition using "Official Form 101," which is the form approved by the Judicial Conference of the United States for chapter 13 filings. Question 15 of the Form directs petitioners to "[t]ell the court whether you have received a briefing about credit counseling" and explains that "[t]he law requires that [a petitioner] receive a briefing about credit counseling before [filing] for bankruptcy." The Form provides several options to answer this question. Young marked the box

indicating that he had "received a briefing from an approved credit counseling agency within the 180 days before [he] filed this bankruptcy petition, but [he did] not have a certificate of completion." In these circumstances, the Form states that the petitioner shall file a copy of the certificate and payment plan, if any, within fourteen days after filing the petition.[1]

On the same day that Young filed his petition, the bankruptcy court issued an order informing Young that his petition was missing certain required documentation, including his "Certification Concerning Credit Counseling and/or Certificate of Credit Counseling." Order, *In re Young*, ECF No. 5. The court instructed Young to provide this credit counseling documentation by June 28, 2016, or to apply for an extension of time before that date. On June 28, 2016, Young filed a Certificate of Counseling, certifying that he received credit counseling on June 27, 2016, which was thirteen days after he filed his petition. Certificate, *In re Young*, ECF No. 13. On July 6, 2016, the bankruptcy court dismissed Young's case because he had failed to obtain credit counseling before filing his petition. Order, *In re Young*, ECF No. 24. Young appeals this order.[2]

---

[1]  Young also marked, apparently in error, the box "certify[ing] that [he] asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after [he] made [his] request, and exigent circumstances merit a 30-day temporary waiver of the requirement." Young crossed out his mark on this box and initialed this correction. In any event, the Form instructs that a petitioner seeking a 30-day temporary waiver must "attach a separate sheet explaining what efforts [he] made to obtain the briefing, why [he was] unable to obtain it before [he] filed for bankruptcy, and what exigent circumstances required [him] to file this case." Young's petition did not include any such explanation.

[2]  On November 10, 2016, this Court denied Young's motions for a stay pending appeal, as he had not shown a likelihood of success on the merits of his appeal. ECF No. 9. *See In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993) (stating that in order to obtain a stay pending appeal, a movant must establish, among other things, a strong likelihood of success on the merits of the appeal).

## II.     Standard of Review

A district court has jurisdiction to hear appeals from final orders of a bankruptcy court. 28 U.S.C. § 158(a)(1). An order dismissing a chapter 13 case is a final, appealable order. *In re Taal*, 504 B.R. 682, 684 (B.A.P. 1st Cir. 2014).

In reviewing an order of the bankruptcy court, a district court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a de novo standard to the bankruptcy court's legal conclusions. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989). The court reviews an order dismissing a chapter 13 case for abuse of discretion. *In re Taal*, 504 B.R. at 684; *In re Hoshan*, No. CIV.A. 07-2931, 2008 WL 81994, at *1 (E.D. Pa. Jan. 7, 2008) (applying abuse of discretion standard to bankruptcy court's dismissal of chapter 13 petition for failure to comply with credit counseling requirements).

## III.    Analysis

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, an individual debtor filing for bankruptcy under chapter 13 must receive credit counseling from an approved agency during the 180 days before filing the petition. 11 U.S.C. § 109(h)(1).[3] To demonstrate compliance with this requirement, a debtor must file with his petition a certificate identifying the agency, describing the services provided, and including a copy of any debt repayment plan. *Id.* § 521(b).

Young did not obtain credit counseling before filing his petition. In view of the fact that Young evidently obtained counseling *after* submitting his petition, it appears that he may have misunderstood the nature of the requirement. Nevertheless, "[t]he law is clear . . . that a debtor must get credit counseling before filing the bankruptcy petition." *In re Hoshan*, 2008 WL 81994,

---

[3]     There are several exceptions to this requirement, but they are not applicable in this case. *See* 11 U.S.C. § 109(h)(2)-(4).

3

at \*3. Accordingly, the bankruptcy court did not abuse its discretion in dismissing Young's case, *see In re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006) (finding that dismissal is the proper remedy when a petitioner fails to obtain pre-petition credit counseling), and the bankruptcy court's order is affirmed. A separate order follows.

                                          BY THE COURT:

                                          */s/ Joseph F. Leeson, Jr.*
                                          JOSEPH F. LEESON, JR.
                                          United States District Judge